UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

MAURICE E. HUGHLEY, )
 )
    *Petitioner*, )
 )
v. ) No. 3:11-cv-413
 ) *Jordan*
ERIC HOLDER, )
 )
    *Respondent*. )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Maurice E. Hughley ("petitioner"). Petitioner's motion to amend the petition to clarify that he is seeking relief pursuant to 28 U.S.C. § 2241 will be **GRANTED**. For the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED**.

Petitioner alleges that the judgments of conviction entered against him in the following three federal criminal cases are unconstitutional and thus void:

> *United States v. Maurice E. Hughley*, Criminal Action No. 3:90-cr-110 (E. D. Tenn. Feb. 25, 1992) (Judgment on conviction for mail fraud), *aff'd*, No. 92-5349, 1993 WL 2808 (6th Cir. Jan. 7, 1993) (unpublished decision);

*United States v. Maurice E. Hughley*, Criminal Action No. 3:99-cr-128 (E. D. Tenn. Dec. 19, 2003) (Judgment on conviction for mail fraud), *aff'd*, No. 03-6685, 118 F. App'x 896 (6th Cir. Dec. 13, 2004) (unpublished decision);

*United States v. Maurice E. Hughley*, Criminal Action No. 3:02-cr-58 (E. D. Tenn. Dec. 19, 2003) (Judgment on conviction for failure to appear), *aff'd*, No. 03-6685, 118 F. App'x 896 (6th Cir. Dec. 13, 2004) (unpublished decision) [the latter two cases were consolidated on appeal].

Because petitioner is challenging a federal sentence, his remedy is to file a motion pursuant to 28 U.S.C. § 2255. Petitioner in fact unsuccessfully challenged each of these convictions by way of a § 2255 motion. *See Maurice Hughley v. United States*, Civil Action No. 3:94-cv-289 (E.D. Tenn. June 5, 1996) (Order denying § 2255 relief in Criminal Action No. 3:90-cr-110), *certificate of appealability denied*, No. 96-5848 (6th Cir. Dec. 9, 1996); *Maurice Hughley v. United States*, Civil Action No. 3:03-cv-696 (E.D. Tenn. Jan. 6, 2004) (Order denying § 2255 relief in Criminal Action No. 3:02-cr-58); *Maurice Hughley v. United States*, Civil Action No. 3:03-cv-697 (E.D. Tenn. Jan. 6, 2004) (Order denying § 2255 relief in Criminal Action No. 3:99-cr-128).

A petitioner cannot file a second or successive § 2255 motion in this court unless he has received permission from the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. In addition, any § 2255 challenge to the above-referenced convictions at this time would be barred by the one-year statute of limitation. Absent exceptional circumstances, which are not present in this case, petitioner cannot use 28 U.S.C. § 2241 to circumvent the statute of limitation or other

2

restrictions under § 2255. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

Because it plainly appears from the face of the petition that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge